**UNITED STATES of America, Plaintiff,**

**v.**

**Sidney R. ORZOFF, Defendant.**

**No. CR 77–581–AAH.**

United States District Court,
C. D. California.

March 13, 1979.

Andrea Sheridan Ordin, U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief, Crim. Div., Thomas J. Nolan, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff.

Brown & Newton by Jerry L. Newton, Beverly Hills, Cal., for defendant.

## MEMORANDUM OPINION

HAUK, District Judge.

### I. BACKGROUND

Defendant was indicted by a grand jury on May 4, 1977, and charged in one count with a violation of 18 U.S.C. § 201(b)(2)—Bribery of a Public Official—for allegedly

bribing an official of the Department of Housing and Urban Development named Malone. Following a three day jury trial, the jury returned a verdict of guilty after deliberating for less than a half-hour. On August 22, 1977, defendant was sentenced to five years probation with a requirement that he serve the community for a period of time and pay a fine of $1,000. No appeal was taken. Subsequently, defendant, on December 26, 1978, filed a motion for a new trial under Fed.R.Crim.P. Rule 33, based on a claim of newly discovered evidence. The Court considered the motion and exhibits attached thereto, along with the opposing papers with their exhibits, and, after hearing oral argument on January 25, 1979, denied the motion.

## II. DISCUSSION

Defendant bases this motion for a new trial upon Fed.R.Crim.P., Rule 33, which provides in part that "[a] motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, . . . ." Therefore, this motion was timely.

The newly discovered evidence consists of two instances in which Malone, one of the government witnesses against Orzoff, is purported to have committed perjury prior to or during the trial in this case. While being questioned in a subsequent trial against an unrelated third party named Turner,[1] Malone stated that he had committed perjury during the grand jury investigation of April 1977 by failing to name Turner when asked to identify those from whom he had taken bribes. During subsequent questioning, Malone also stated that he committed perjury during the trial in this case before us.

■ The criteria for a Rule 33 motion are well established in this circuit. The moving party must establish that:

(1) the evidence relied upon is, in fact, newly discovered,

(2) the moving party has been diligent,

(3) the evidence is not merely cumulative or impeaching,

(4) the evidence is material, and

(5) a new trial would probably result in an acquittal.

*United States v. Eldred,* 588 F.2d 746, 753 (9th Cir. 1978).

■ There is no question but that this evidence was discovered after the trial herein, and that the moving party has been diligent. However, the motion fails on the grounds that the evidence is merely cumulative, is not material to issues in this case before us, and would not probably result in an acquittal.

Defendant's motion is premised on the assumption that the Court should allow his counsel in a new trial to cross-examine Malone about these alleged instances of perjury, and to seek to challenge his credibility. Rule 608(b) of the Federal Rules of Evidence governs use of specific instances of conduct to attack a witness' credibility. That rule vests discretion in the trial judge on the question of whether to allow such cross-examination.[2] Therefore, the defendant must carry two burdens; he must satisfy both the requirements of *Eldred, supra,* 588 F.2d at 753, and Rule 608(b).

Initially, it must be pointed out that, after careful review of the transcript of this trial before us, the Court can find no evidence whatsoever that Malone committed perjury during the trial. There was no specific question about Turner, but merely the following colloquy:

"Q. How many people did you accept money from, Mr. Malone?

A. 4 or 5 of them." Rep. Partial Tr., July 28, 1977, p. 45.

1. *United States v. Turner,* CR 78–740–IH (C.D. Cal.1978).

2. Notes of the Advisory Committee on the Proposed Rules of Evidence reflect that, in allowing such cross-examination, "the possibilities of abuse are substantial. . . . Also the overriding protection of Rule 403 requires that probative value not be outweighed by danger of unfair prejudice, confusion of issues, or misleading the jury."
Fed. Rules Evid. Rule 608, 28 U.S.C.A., p. 267.

Malone's comments at the subsequent trial before the Honorable Irving Hill—*United States v. Turner, supra,* note 1—can only have been the result of poor memory, mistake, or confusion.

Malone's obvious poor memory, mistake, or confusion in that instance, and the lack of any grand jury transcript for the Court to review, along with the length of time that has intervened between the alleged perjury herein and the colloquy in the *Turner* trial, lead this Court to discredit Malone's subsequent claim of perjury during the grand jury investigation. Keeping in mind that Rule 608(b) calls for a trial court to exercise its sound discretion before allowing such evidence to be admitted, this Court, after reviewing the moving papers and the attached exhibits and hearing counsels' arguments, should and would necessarily deny any attempt by defense counsel to pursue that line of inquiry.

Even if the inquiry were to be allowed, the motion must still be denied. Defendant has not satisfied the *Eldred* criteria, because the evidence is cumulative and irrelevant, and would not probably result in an acquittal. The character defects of Malone were already highlighted during the trial when defense counsel forced him to admit that he, himself, initiated the bribery schemes in some cases. Defendant Orzoff admitted to committing the acts which constituted the offense. Moreover, the short jury deliberation serves to buttress the Court's viewpoint that the case against the defendant was extremely strong and that this new evidence does not rise to the level of that which would "probably result in an acquittal" at a retrial.

The failure of defendant to show that this evidence would be admissible at trial, and his failure to carry the burden with respect to the criteria for a Rule 33 motion as detailed in the *Eldred* case, compel this Court to deny the motion for a new trial.